IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| The Gates at Williams-Brice Condominium Association and Katherine Swinson, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| Lexington Insurance Company, | **)** ) ) |
| Defendant. | ) ) ) |

C/A No. 3:16-cv-01001-MBS

**OPINION AND ORDER**

## I. FACTS

On December 26, 2012, Plaintiffs The Gates at Williams-Brice Condominium Association ("The Gates") and Katherine Swinson ("Swinson") (together "Plaintiffs") filed an action in the Court of Common Pleas for Richland County, South Carolina, against numerous entities, alleging defects in the construction of The Gates at Williams-Brice, a condominium complex in Columbia, South Carolina ("the Underlying Action"). Plaintiffs sought damages in the Underlying Action approximating $31 million.

Most of the defendants in the Underlying Action were insureds under a Residential Wrap-Up General Liability Policy (the "Policy") issued by Defendant Lexington Insurance Company to Dinerstein Companies, Inc., the developers of The Gates at Williams-Brice, and its contractors or subcontractors. The Policy had limits of $5 million for each occurrence, $5 million in the general aggregate, and $5 million in the products-completed operations aggregate. On February 4, 2015, Lexington filed an interpleader action (the "Interpleader Action") in state court against Plaintiffs and the insureds under the Policy, alleging that, because the alleged damages exceeded the value of the Policy, Lexington was unable to allocate its policy limits among its insureds. Lexington tendered

its limits into court.

On March 30, 2015, Plaintiffs, as defendants in the Interpleader Action, jointly served an answer in which they included counterclaims for breach of contract, negligence, and bad faith. By order dated March 18, 2016, the state court ordered the funds deposited into court be distributed to The Gates. The March 18, 2016, order disposed of all the claims in the Interpleader Action, with the exception of the counterclaims against Lexington. The state court dismissed all parties other than Lexington, The Gates, and Swinson, and thereafter realigned The Gates and Swinson as the plaintiffs and Lexington as the defendant for purposes of pursuing the counterclaims.

On March 30, 2016, Lexington filed a notice of removal based on diversity jurisdiction. Lexington is incorporated in Delaware, and has its principal place of business in Massachusetts. The Gates is a nonprofit corporation organized and existing under the laws of South Carolina. Swinson is a citizen of South Carolina. This matter is before the court on motion to remand filed by Plaintiffs on April 22, 2016. Lexington filed a response in opposition on May 9, 2016, to which Plaintiffs filed a reply on May 19, 2016.

## II. DISCUSSION

A.   Motion to Remand

1.   Diversity Jurisdiction

The threshold legal issue is whether diversity exists to create a basis for federal jurisdiction. Plaintiffs argue that Lexington should take on the citizenship of its South Carolina insureds pursuant to 28 U.S.C. § 1332(c), which provides:

> [I]n any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . (A) every State and foreign state of which the insured is a citizen. . . .

2

A "direct action" is an action by an injured party against an insurer to recover for damages caused not by the insurer but by its insured, who is not joined in the action. *Eltsefon v. State Farm Mut. Auto. Ins. Co.*, 826 F. Supp. 2d 922, 925 (E.D. Va. 2011). Here, Plaintiffs' claims are not direct action claims because Plaintiffs seek to hold Lexington liable for its own alleged bad faith, negligence, and breach of contract, and for not any conduct of its insureds. Section 1332(c) does not apply, and Lexington retains the citizenship of its state of incorporation, Delaware, and Massachusetts, its principal place of business. The court finds that diversity exists.

2.  Lexington's Right to Remove

The next issue is whether Lexington, as the realigned defendant, has a right to remove under 28 U.S.C. § 1441. Section 1441(a) provides:

> [A]ny civil action brought in a State court, of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants.

Section 1441 is construed strictly to grant the right to remove only to an "original" defendant. The decision as to whether a party is a plaintiff or defendant turns on the meaning of the removal statute and not upon the characterization of the suit or the parties to it by state statutes or decisions. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104 (1941) (citing *Mason City & Ft. Dodge Ry. Co. v. Boynton*, 204 U.S. 570, 579 (1907)).

In a case with a similar procedural history to the within action, a district court in Massachusetts interpreted *Shamrock* to deny an original plaintiff, realigned as a defendant, the right to remove to federal court. In *Rodriguez v. Fed. Nat'l Mortg. Ass'n*, 268 F. Supp. 2d 87, 90 (D. Mass. 2010), the Federal National Mortgage Association ("FNMA") initially sued in state court to evict Rodriguez from certain property, to which complaint the defendant, Rodriquez, counterclaimed. *Id.* at 88. FNMA later dismissed its claim, leaving only Rodriquez's

3

counterclaims. The parties were realigned such that Rodriquez became the plaintiff and FNMA became the defendant. *Id.* FNMA removed the case to federal court. *Id.* The Massachusetts district court remanded the action to state court because FNMA more properly was categorized as a defendant-in-counterclaim and not an "original" defendant, despite the state court's restyling of the case. *Id.* at 91.

A district court in the Fourth Circuit agreed with the reasoning in *Rodriquez* and found that a counterclaim defendant does not have the right remove a case to federal court. In *Palisades Collection LLC v. Shorts*, 2008 WL 249083 (N.D.W. Va. Jan. 29, 2008), *aff'd*, 522 F.3d 227, 337 (4th Cir. 2008), the district court concluded that, "even in actions in which the original claim filed by the plaintiff is settled or dismissed, the original plaintiff remains the plaintiff for purposes of removing the remaining counterclaims." *Id.*

The court is persuaded by the reasoning adopted in *Palisades*. The court concludes that Lexington has no right to removal under Section 1441.

3.     Timeliness

Plaintiffs assert that, even if Lexington were authorized to remove the within action, it filed for removal more than one year after the commencement of the action. Under 28 U.S.C. § 1446(c)(1):

> A case may not be removed . . . on the basis of [diversity jurisdiction] more than 1 year after commencement of the action . . . .

There is "an absolute bar to removal of cases in which jurisdiction is premised on [diversity] more than one year after commencement of the action." *Lovern v. GMC*, 121 F.3d 160, 163 (4th Cir. 1997) (comparing the moving 30 day limit of 28 U.S.C. § 1446(b)(3), with the rigid one-year bar of 28 U.S.C. § 1446(c)(1)); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996)

(holding that "[n]o case, however, may be removed based on diversity 'more than 1 year after the commencement of the action'").

In this case, the commencement of the action was the filing of a summons and complaint for the interpleader action by Lexington in state court on February 4, 2015. *See* S.C.R. Civ. P. 3 ("[a] civil action is commenced when the summons and complaint are filed with the clerk of court"). Lexington filed its notice of removal on March 30, 2016, more that one year from the time the action was commenced.

Lexington argues, however, that negligence, bad faith, and breach of contract claims are separate and independent claims from the interpleader action, and, therefore, the commencement date should be the date that the counterclaims were filed, March 30, 2015. The separate and independent claims test stems from the 1990 version of 28 U.S.C. § 1441(c), and stated:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by Section 1331 . . . is joined with one or more otherwise non-removable claims, the entire case may be removed. . . .

As an initial matter, Section 1441 no longer contains the language of the separate and independent claims test after the 2011 revision. *See* 28 U.S.C. § 1441(c) (2015). Moreover, the 1990 amendment to the Section 1441(c) made the "separate and independent" language applicable only to federal question jurisdiction. Lexington's assertion is without merit.

B.      Plaintiffs' Request for Attorneys' Fees and Expenses

Plaintiffs argue that they should be awarded fees and expenses incurred as a result of seeking a motion to remand pursuant to 28 U.S.C. § 1447(c). There is neither a presumption in favor of nor against an award of fees under § 1447 and any such award is left to the sound discretion of this court. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Absent unusual circumstances, no award of fees and costs should be made when the defendant had an objectively

5

reasonable basis for removal. *Id.* at 141.

In this case, the parties are diverse for purposes of removal. Because of the unusual posture of the case, Lexington had an objectively reasonable basis for removing the case as a realigned defendant, as well as a reasonable basis for arguing that the date of the counterclaim triggered the one-year limitation period for removal.

### III.  CONCLUSION

For all these reasons, Plaintiffs' motion to remand (ECF No. 10) is **granted**. Their request for an award of attorneys' fees and expenses is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour<br>Senior United States District Judge

Columbia, South Carolina

July 28, 2016

6